IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:17-cv-90 (WOB-CJS)

LAURA NELSON                                              PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

COLUMBIA GAS TANSMISSION,
LLC, ET AL                                               DEFENDANTS

This matter is before the Court on various post-trial motions. (Docs. 362, 365, 366, 379). The Court concludes that further oral argument is unnecessary for the resolution of these motions.

*Procedural Background*

This bitterly contested case arises out of a contract entered into by plaintiff and defendant Columbia Gas Transmission, LLC ("Columbia Gas"), granting an easement for defendant to install a high-pressure gas transmission line through plaintiff's property.

The contract is dated August 12, 2015 and required, *inter alia*, that Columbia Gas restore plaintiff's property "as near as practical" to its original condition after the completion of the construction. (Doc. 132-13).

The actual laying of the line and the restoration was performed by Columbia Gas as well as by various subcontractors.

One of these subcontractors was defendant Michels Corporation, which performed certain clearing work pursuant to a subcontract with Columbia Gas. Michels had no contract with plaintiff.

After extensive pretrial proceedings, the case came on for a jury trial before this Court on December 3, 2018, resulting in a verdict on December 12, 2018. (Doc. 360). The jury found against Columbia on plaintiff's breach of contract claim and awarded her $50,000 for economic damages and $150,000 for serious emotional disturbance flowing from the breach of contract.

The principal issue at trial was whether Columbia Gas had restored plaintiff's property "as near as practical" to its original condition and, if not, how much it would cost to do so. Plaintiff offered expert testimony that the restoration performed was insufficient because not enough topsoil was returned to the area in question, and the expert opined that it would require another $2 million to effect proper restoration.

Prior to trial, the Court bifurcated plaintiff's negligence and trespass claims against Michels. Michels paid into Court the amount (as stated by plaintiff's counsel) of the compensatory damages that plaintiff claimed Michels owed her for improperly blowing woodchips onto plaintiff's property outside of the right-of-way. (Doc. 246).[1]

---

[1] In her final pretrial memorandum, plaintiff listed the amount of special damages for the removal of the woodchips as $10,000.

In addition, the Court denied plaintiff's motion to file a fourth amended complaint, which sought to add a fraud claim against Columbia Gas and a prayer for punitive damages against Michels. (Docs. 200-2, 318).

The motions now before the Court are: (1) plaintiff's renewed motion for injunctive relief (Doc. 362); (2) Columbia Gas's motion for judgment notwithstanding the verdict on the emotional distress damages and for a set off as to breach of contract verdict; (3) plaintiff's motion for new trial (Doc. 366); and (4) Michels' renewed motion for summary judgment (Doc. 379).

The Court will address these motions *seriatim*.

### *Analysis*

**A. <u>Plaintiff's Renewed Motion for Injunctive Relief</u>**

After the jury returned its verdict in this matter, plaintiff immediately filed a renewed motion for injunctive relief seeking specific performance against Columbia Gas. (Doc. 362). This motion is not well taken.

The issue of the cost of restoration of plaintiff's property "as near as practical" was submitted to a jury in this matter, and

---

(Doc. 233 at 21). Although Michels paid money into Court, plaintiff has never accepted it or settled her claims with Michels. The Court notes that it was the intent of the Court at the final pretrial conference that the payment of the $9,000 into Court would settle the claim against Michels, but the parties apparently did not realize this and consider the claim against Michels to be unresolved.

3

the jury awarded plaintiff $50,000. While plaintiff is disappointed with that figure, she may not invoke the alternative remedy of specific performance.

This is not a case where specific performance is necessary because plaintiff cannot be made whole by money damages — for example, to enforce a contract for the purchase of a unique piece of property, as in a case upon which plaintiff relies. *See Billy Williams Builders and Developers Inc. v. Hillerich*, 446 S.W.2d 280 (Ky. 1969). Indeed, the *Hillerich* Court noted:

> It is recognized that specific performance is an equitable remedy devised to apply **in cases where common law actions for damages were found inadequate to afford a full remedy**. . . .
>
> We need to keep in mind that in the contract in question vendor (appellant) agreed to sell lot 102 and to construct a house according to "submitted plans and specifications." . . .
>
> **Appellees argue that their purpose in entering into the contract was to obtain this particular property in this particular neighborhood** due to [aged] relatives nearby.

*Id.* at 283-84 (emphasis added). The Court therefore found that specific performance to compel the sale of the property in question was appropriate.

Here, plaintiff submitted evidence at trial that, with respect to Columbia Gas's breach of contract, she could be made fully whole due by money damages — $2 million, in particular, for the restoration of her land. The fact that the jury chose a much lower figure does not make specific performance appropriate.

4

Having proceeded on a damages theory, and obtained an award of damages, plaintiff cannot now switch to specific performance. This would amount to double recovery, since she received an award under the jury verdict to perform the work for which she now seeks specific performance.

This motion will, therefore, be denied.

**B. Columbia Gas's Motion for Judgment as a Matter of Law**[2]

Columbia Gas first seeks a set off of $9,000 from the jury's $50,000 breach of contract damages award, the amount that Michels paid into Court upon being bifurcated from the trial. This is without merit.

Plaintiff did not accept the money paid into Court by Michels, and she has not benefitted from those funds.

Next, Columbia Gas attacks the award for emotional distress. First, the Court finds no prejudice to defendant regarding the last-minute substitution of a psychologist after plaintiff's previously identified witness passed away unexpectedly. Defendant had the opportunity to depose the new witness and cross-examine him at trial. During discovery, defendant never requested to have a psychologist of its own examine plaintiff or testify at trial, and the Court does not see how the substitution of Dr. Ganshirt for Dr. Bichelmeir triggered such a need.

---

[2] Since 1991, these motions have been properly titled "motions for judgment as a matter of law."

The Court also finds no prejudice in the jury instruction regarding emotional distress. The interrogatory instructed the jury to award damages only if it found by a preponderance of the evidence that the breach of contract caused plaintiff "serious emotional disturbance." Plaintiff's evidence on this issue consisted of her own testimony, that of Dr. Ganshirt, as well as that of other witnesses who knew plaintiff. It was within the province of the jury to weigh this evidence and decide the issue. The Court cannot say that there was a "complete absence of proof" on the issue of emotional damages so as to warrant the relief Columbia Gas seeks. *See Layne v. Huish Detergents, Inc.*, 40 F. App'x 200, 205 (6th Cir. 2002) (citations omitted).

The Kentucky state courts almost always follow the Restatement(Second) of Contracts and, in the opinion of this Court, would adopt the section upon which this award was based. *See* Doc. 198.[3]

---

[3] The section of the Restatement in question states:

§ 353.   Loss Due to Emotional Disturbance

> Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or breach is of such kind that serious emotional disturbance was a particularly likely result.

Restatement (Second) of Contracts § 353 (Am. Law Inst. 1981).

Finally, although a separate interrogatory on the foreseeability of such distress was not included in the jury instructions, the Court concludes this did not render the instructions "confusing, misleading and prejudicial" when viewed as a whole. *Id.* at 209.[4] Whether the contract was of the type that emotional distress might result from its breach was a threshold matter of law for the Court.

Therefore, Columbia Gas's motion for judgment as a matter of law will be denied.

**C. Plaintiff's Motion for a New Trial**

Plaintiff moves for a new trial on the basis that the jury's economic damages award is "grossly inadequate." The Court is not persuaded.

Plaintiff's motion relies heavily on the testimony of her expert witness, Brian Stegman, who opined that replacing the topsoil on the property in question would cost $1,744,418.00, and therefore plaintiff asserts that the jury was required to accept this testimony. Of course, Columbia Gas offered the testimony of its witnesses who testified that the property had already been restored "as near as practical" and offered, in the alternative, much lower estimates of what it would cost to add topsoil and seed to the property.

---

[4] The Court will not reiterate here the basis for its ruling that emotional damages are recoverable in this case. *See* Doc. 198.

7

The jury was given the standard instruction regarding the credibility of witnesses which, in part, instructs that the jury is "free to believe everything that a witness said, or only part of it, or none of it at all." (Doc. 360 at 4). The instruction also states: "Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves." (*Id.* at 6).

Thus, the jury was free to accept all, some or none of these witnesses' testimony about the cost of restoring plaintiff's property "as near as practical." Neither side requested an instruction defining "practical," but one common meaning is that a given action, although possible, may be too expensive to be "practical." This is probably the reason Columbia Gas used the term in its contract and is very likely the basis for the jury's verdict.

Therefore, plaintiff's motion for a new trial will be denied.

### D. **Michel's Renewed Motion for Summary Judgment**

The Court first notes that the operative pleading in this matter, the Third Amended Complaint (Doc. 194), asserts negligence and trespass claims against Michels and seeks punitive damages against Columbia Gas only. Plaintiff's motion to file a Fourth Amendment Complaint, which included a request for punitive damages against Michels, was denied. (Doc. 318).

Having reviewed the parties' briefs and relevant authority, the Court concludes that Michels is entitled to summary judgment on plaintiff's claims against it.

In *Presnell Constr. Managers, Inc. v. EH Contr., LLC*, 134 S.W.3d 575 (Ky. 2004), the Supreme Court of Kentucky held that "one who is not a party to the contract or in privity thereto may not maintain an action for negligence which consists merely in the breach of the contract." *Id.* at 579 (citation omitted). The Court further held that unless the defendant in question breached some duty to the plaintiff that was independent of its duties under the contract in question (to which plaintiff was not a party), plaintiff's tort claim would not lie. *Id.* at 580.

Two years ago, the Supreme Court of Kentucky again applied this rule to bar a negligence claim brought against a subcontractor with whom the plaintiff had no contract, where the factual basis for the claim was indistinguishable from the subcontractor's duties under its contract with the general contractor. *Superior Steel, Inc. v. The Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 792 (Ky. 2017).

Here, plaintiff's claims for negligence and trespass against Michels are based on the blowing of woodchips outside of the right of way. However, Michels (or its subcontractor) performed these actions pursuant to its contract with Columbia Gas, and plaintiff identifies no duty on Michels' part independent of its contractual

duties to Columbia. The claims thus fail as a matter of law under the above authorities. Further, since the claims against Michels are based on its contract with Columbia, punitive damages may not be recovered. *See* KRS 411.184(4).

For these reasons, Michels is entitled to summary judgment.[5]

Therefore, the Court having reviewed this matter, and being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) Plaintiff's renewed motion for injunctive relief (Doc. 362), Columbia Gas's motion for judgment notwithstanding the verdict on emotional distress and for a set off as to the breach of contract verdict (Doc. 365), and plaintiff's motion for new trial (Doc. 366) be, and are hereby, **DENIED**;

(2) Michels' renewed motion for summary judgment (Doc. 379) be, and is hereby, **GRANTED**; and

(3) A separate judgment in Michel's favor shall enter concurrently herewith.

This 13th day of May 2019.

---

[5] The Court thus need not reach Michels' alternative argument that it cannot be held liable for the actions of its subcontractor.



Signed By:
*William O. Bertelsman* W.OB
**United States District Judge**